IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELECHI S. OKERE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2339-M-BN |
| | § | |
| THE CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kelechi S. Okere filed a *pro se* complaint against the City of Dallas alleging violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"); gross negligence; sex discrimination and harassment; harassment; and "violation of Privacy tort" based on "nonverbal, outward expression" by unnamed employees of the City. Dkt. No. 3.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

On October 4, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis*, *see* Dkt. Nos. 4 & 6, and issued an order "to notify Plaintiff of certain deficiencies in the complaint as filed that must be remedied by **November 4, 2019** to allow this action to proceed" [Dkt. No. 7] (the "NOD"), providing:

> Plaintiff's complaint as filed consists of a series of conclusory sentences that, even together, fail to provide sufficient facts to plausibly allege any cause of action asserted. Taking, for example, the ADA claim

– the basis for the Court's jurisdiction over this lawsuit – the City, a municipality, may be liable under the ADA for the acts of its employees. *See, e.g., Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574-75 (5th Cir. 2002); *Rideau v. Keller Indep. Sch. Dist.*, 978 F. Supp. 2d 678, 682-83 (N.D. Tex. 2013). And it appears the focus of Plaintiff's ADA claim is Title II of that law, "which covers discrimination in the provision of public services." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004) (citing 42 U.S.C. §§ 12131, *et seq.*).

> Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. § 35.130(a) ("No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity").

*Greer v. Richardson Indep. Sch. Dist.*, 472 F. App'x 287, 290-91 (5th Cir. 2012) (per curiam) (footnote omitted); *cf. id.* at 290 n.1 ("[b]ecause the language and standards are virtually identical for Title II of the ADA and Section 504 of the Rehabilitation Act, [ ] consider[ing the plaintiff's] claims under both statutes concurrently but [ ] refer[ring] only to the ADA for brevity" (citations omitted)).

But merely alleging that a defendant's employees violated the ADA is not enough to allege a claim against the City under that statute.

Instead, under Federal Rule of Civil Procedure 8(a)(2), although a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A complaint survives dismissal, however, where a plaintiff pleads "facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

To plausibly allege a claim under Title II of the ADA, a plaintiff must allege facts to show – or from which the Court may infer –

> "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."

*Windham v. Harris Cnty., Tex.*, 875 F.3d 229, 235 (5th Cir. 2017) (quoting *Melton*, 391 F.3d at 671-72); *accord Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

If a plaintiff does not, the ADA claim should be dismissed. *See, e.g., Nelson v. Collins*, 765 F. App'x 75, 75-76 (5th Cir. 2019) (per curiam) (affirming dismissal of an ADA Title II claim where the plaintiff's "allegations [did] not set forth facts supporting a claim that he was discriminated against in any way because of his disability"); *Mora v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:09-cv-927-N, 2011 WL 13183237, at *4 (N.D. Tex. Feb. 10, 2011) ("Mora fails to allege sufficient facts that support a plausible claim that she is an individual with a disability. Although she offers the conclusory statements that she has an 'impairment' that 'substantially limits her major life activities,' she fails to identify any life activity that her alcoholism affects. Although Mora need not plead a prima facie case, she must provide grounds demonstrating an entitlement to relief that are more than labels and conclusions." (citations omitted)), *aff'd*, 469 F. App'x 295 (5th Cir. 2012) (per curiam).

And even if the Court accepts that Plaintiff has a qualifying disability – which itself is not plausible based on the current complaint

> – the complaint as filed does not support a plausible claim of discrimination under Title II of the ADA by including factual allegations that, for example, permit the Court to infer that employees of the City discriminated against Plaintiff based on a qualifying disability.
>
> As stated above, Plaintiff need not – at this time – plead a prima facie case of disability discrimination under Title II of the ADA. But the complaint must include facts that allow the Court to infer more than the mere possibility of disability discrimination. *Cf. Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted)).
>
> These factual-plausibility deficiencies are equally applicable to the state-law causes of action that Plaintiff has asserted.
>
> With these standards in mind, the Court ORDERS Plaintiff to file an amended complaint by **November 4, 2019**. Failure to timely comply with this order will result in a recommendation that this action be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* FED. R. CIV. P. 41(b).

Dkt. No. 7 at 1-5.

It is now more than three months past the deadline to comply with the NOD, and Plaintiff has failed to file an amended complaint or otherwise contact the Court.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

### Legal Standards and Analysis

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F.

App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757

F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not filing an amended complaint or otherwise compling with the NOD, Plaintiff has prevented this action from proceeding. And, by so doing, Plaintiff has failed to prosecute this lawsuit and also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile.

The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases

and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE